# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:13-cv-342-FDW
## (3:09-cr-39-FDW-14)

| | |
|---|---|
| SANCHEZ HUDSON, | ) |
| Petitioner, | ) |
| vs. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on Petitioner's Motion for relief from judgment pursuant to Rule 60(d)(1) of the Federal Rules of Civil Procedure, (Doc. No. 19).

## I. BACKGROUND

Petitioner was indicted in the underlying criminal case in a drug trafficking conspiracy with fourteen co-defendants. See (3:09-cv-39, Doc. No. 114). A jury found him guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine. (3:09-cv-39, Doc. No. 234). The Court sentenced him to 384 months' imprisonment followed by 15 years of supervised release. (3:09-cv-39, Doc. No. 460). The Fourth District Court of Appeals affirmed, United States v. Hudson, 462 Fed. Appx. 357 (4th Cir. 2012), and the United States Supreme Court denied certiorari, Hudson v. United States, 566 U.S. 1028 (2012).

On May 21, 2013, Petitioner filed a *pro se* Motion to Vacate in the instant civil case pursuant to 28 U.S.C. § 2255, (Doc. No. 1), in which he raised claims of ineffective assistance of trial and appellate counsel, and trial court error. The Government filed a Response in opposition to the Motion to Vacate on October 3, 2014, arguing that Petitioner's claims are refuted by the

1

record. (Doc. No. 10). The Court issued an Order on October 15, 2014, granting Petitioner 21 days to file a reply to the Government's Response. (Doc. No. 12). Petitioner was served with the Order by U.S. mail. (Id.). Rather than filing a reply, Petitioner filed a Notice of Appeal from the Court's Order. (Doc. No. 13). The Fourth Circuit construed it as an interlocutory appeal and dismissed it for failure to prosecute on January 9, 2015. (Doc. No. 16). On April 20, 2015, this Court dismissed the § 2255 Motion to Vacate for failure to prosecute and closed the case. The Clerk's Judgment was issued on April 21, 2015. (Doc. No. 18). Both Orders were served on Petitioner by U.S. mail. (Id.). Petitioner did not appeal.

On February 22, 2018, Petitioner filed the instant *pro se* Motion seeking reconsideration of the Court's April 20, 2015, Order and the April 21, 2015, Clerk's Order. (Doc. No. 1). He argues that this matter should be reopened pursuant to Rule 60(d)(1) due to a mistake and to avoid a miscarriage of justice. He claims to have believed that the Government's Response was actually an order denying his § 2255 petition, and that he mistakenly appealed rather than continuing to litigate the § 2255 matter. He did not realize his error until becoming acquainted with another inmate who prepared the instant Motion on his behalf. He argues that the Court erred by dismissing his § 2255 Motion to Vacate without considering the relevant factors, and that failure to set aside the Orders disposing of his § 2255 Motion to Vacate would be a miscarriage of justice.

## II. LEGAL STANDARDS

Rule 60, which addresses relief from a judgment or order, is available "only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998). Rule 60(b) provides that a party may move to be relieved from a final judgment or order for reasons including "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). A Rule 60(b) motion must be made within a "reasonable time," and

2

for reasons including mistake, inadvertence, surprise, or excusable neglect, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Rule 60(d) states that "[t]his rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). An "independent action," refers to a procedure which has been historically known simply as an independent action in equity to obtain relief from a judgment. Bankers Mortg. Co. v. United States, 423 F.2d 73, 78–79 (5th Cir. 1970). Such an action is usually "a new case in the same court or another court possessing jurisdiction." Field v. GMAC LLC, 2009 WL 6560222 (E.D. Va. Jan. 30, 2009), *aff'd* 328 Fed. Appx. 873 (4th Cir. 2009).

An independent action under Rule 60(d)(1) requires a plaintiff to show: (1) that the judgment in favor of the defendant "ought not, in equity and good conscience," be enforced; (2) that he had a "good" claim; (3) that "fraud, accident, or mistake" prevented him from obtaining the benefit of his claim; (4) "the absence of fault or negligence" on his part; and (5) "the absence of any adequate remedy at law." Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, 675 F.2d 1349, 1358 (4th Cir. 1982); accord Bankers Mortg. Co. v. United States, 423 F.2d 73 (5th Cir. 1970); Nat'l Surety Co. v. State Bank, 120 F. 593 (8th Cir. 1903); S.E.C. v. ESM Group, Inc., 835 F.2d 270 (11th Cir. 1988).

"A party cannot relitigate 'in an independent action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action.'" Sinesterra v. Roy, 347 Fed. Appx. 9, 10 (5th Cir. 2009) (quoting Renteria-Gonzalez v. I.N.S., 322 F.3d 804, 811-12 (5th Cir. 2003)). The requirement that there is no other available or adequate remedy requires a showing by the aggrieved party that "there was no opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action." Gleason v.

Jandrucko, 860 F.2d 556, 560 (2d Cir. 1988) (internal quotations omitted). "It is fundamental that equity will not grant relief if the complaining party has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action … to open, vacate, modify, or otherwise obtain relief against, the judgment." Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 662 (2d Cir. 1997) (internal quotations omitted).

### III. DISCUSSION

As a preliminary matter, Petitioner is unable to proceed pursuant to Rule 60(d) because he has failed to file this matter as an independent action. See, e.g., Rease v. Harvey, 2011 WL 13238501 (N.D. Ga. Feb. 11, 2011). Even if this Court were to construe the instant Motion as an independent action, no relief would be warranted under Rule 60(d).

First, Petitioner has failed to demonstrate that the mistake or accident was not his fault. He claims that he mistook the Government's Reply for an order denying his § 2255 petition due to his ignorance of the law. This contention is belied by his receipt of the Court's October 15, 2014, Order which explained in plain language that the Government had opposed the § 2255 Motion to Vacate and that Petitioner had the opportunity to respond. (Doc. No. 12). Further, after the Fourth Circuit dismissed his interlocutory appeal, the Court entered an Order dismissing his § 2255 petition. Petitioner's claim that he is ignorant of the law does not excuse his willful ignorance of three Court Orders which informed him both of his opportunity to contest the Government's Response, and later, the Court's final resolution of the case, all of which were provided to him via U.S. mail. He has failed to establish under these circumstances that the present situation was not created by his own carelessness or neglect. See, e.g., Asterbadi v. Leitess, 176 Fed. Appx. 426, 430-31 (4th Cir. 2006) (district court did not abuse its discretion in denying Rule 60(d)(1) motion for relief from default judgment entered more than 10 years earlier where movant, by his own

4

admission, had failed to respond to a complaint that had been served on him and thus could not show the absence of fault or negligence on his part); Zulu v. Ruth, 622 Fed. Appx. 55 (2d Cir. 2015) (movant was unable to show that his own fault, neglect, or carelessness did not create the situation for which he sought equitable relief because, if he was ignorant of the summary judgment motion and award, he was obligated to pursue his claims diligently, which he did not do); see also United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) (ignorance of the law is not a basis for equitable tolling in the context of an untimely § 2255 petition).

Second, Petitioner has failed to demonstrate that he had no opportunity to raise the instant grounds for relief. Petitioner could have challenged the Court's April 2015 Orders via motion for reconsideration under Rule 59 within 28 days after entry of the judgment, a motion for relief from judgment under Rule 60(b)(1) within one year or 60(b)(6) within a reasonable time, or notice of appeal within 30 days after entry of the judgment. See Fed. R. Civ. P. 4. He did none of the foregoing and instead waited nearly three years before filing the instant motion. His failure to take advantage of the available vehicles for relief within the applicable time limitations, which have now long expired, does not show he lacked the opportunity to seek relief. See, e.g., In re Hoti Enterprises, L.P., 549 Fed. Appx. 43 (2d Cir. 2014) (failure to raise a fraud claim under Rule 60(b)(3) precludes the litigant from alleging that the same fraud entitles it to equitable relief under Rule 60(d) absent extraordinary circumstances).

Petitioner has failed to satisfy the criteria for Rule 60(d) relief and therefore the instant motion will be denied.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Rule 60(d)(1) Motion for relief from judgment pursuant to Rule 60(d)(1) is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion Pursuant to Rule 60(d)(1) of the Federal Rules of Civil Procedure, (Doc. No. 19), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right); see also United States v. Ethridge, 664 Fed. Appx. 304 (4th Cir. 2016) (a defendant is required to obtain a COA to appeal the denial of a Rule 60(b) motion that is not recharacterized as a § 2255 motion to vacate).

Signed: March 21, 2018

Frank D. Whitney
Chief United States District Judge