**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:13-cv-342-FDW**
**(3:09-cr-39-FDW-14)**

| | |
|---|---|
| SANCHEZ HUDSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| ———————————————— | ) |

**THIS MATTER** comes before the Court on Petitioner's "Motion Requesting Reconsideration of this Court's March 21, 2018 Order Denying Petitioner[s] … Fed. R. Civ. P. 60(d)(1) Motion Pursuant to Fed. R. Civ. P. 59(e)," (Doc. No. 21).

Petitioner was found guilty in the underlying criminal case of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine. (3:09-cv-39, Doc. No. 234). The Court sentenced him to 384 months' imprisonment followed by 15 years of supervised release. (3:09-cv-39, Doc. No. 460). The Fourth Circuit Court of Appeals affirmed, United States v. Hudson, 462 Fed. Appx. 357 (4th Cir. 2012), and the United States Supreme Court denied certiorari, Hudson v. United States, 566 U.S. 1028 (2012).

On May 21, 2013, Petitioner filed a *pro se* Motion to Vacate in the instant civil case pursuant to 28 U.S.C. § 2255, (Doc. No. 1), in which he raised claims of ineffective assistance of trial and appellate counsel, and trial court error. The Government filed a Response in opposition to the Motion to Vacate on October 3, 2014, arguing that Petitioner's claims are refuted by the record. (Doc. No. 10). The Court issued an Order on October 15, 2014, granting Petitioner 21 days

to file a reply to the Government's Response. (Doc. No. 12). Petitioner was served with the Order by U.S. mail. (Id.). Rather than filing a reply, Petitioner filed a Notice of Appeal from the Court's Order. (Doc. No. 13). The Fourth Circuit construed it as an interlocutory appeal and dismissed it for failure to prosecute on January 9, 2015. (Doc. No. 16). On April 20, 2015, this Court dismissed the § 2255 Motion to Vacate for failure to prosecute and closed the case. The Clerk's Judgment was issued on April 21, 2015. (Doc. No. 18). Both Orders were served on Petitioner by U.S. mail. (Id.). Petitioner did not appeal.

On February 22, 2018, Petitioner filed a Motion seeking reconsideration of the Court's April 20, 2015, Order and the April 21, 2015, Clerk's Order. (Doc. No. 19). He argued that this matter should be reopened pursuant to Rule 60(d)(1) due to a mistake and to avoid a miscarriage of justice. The Court denied the Motion for reconsideration and declined to issue a certificate of appealability. (Doc. No. 20).

On April 11, 2018, Petitioner filed the instant "Motion Requesting Reconsideration …." (Doc. No. 21). He argues that he never received a copy of the October 15, 2014, Order and that he only received a copy of the April 21, 2015, Order "recently," and that simultaneously mailed documents may have "confused" him. (Doc. No. 21 at 3). He therefore claims that he could not raise his Rule 60(d)(1) claims earlier and that he was deprived of the opportunity to file motions pursuant to Rules 59, 60(b)(1) and 60(b)(6). He concludes that a mistake or accident occurred that was not his fault and that he had no prior opportunity to raise his claims for relief. Therefore, he seeks reconsideration of the Court's March 21, 2018 Order.

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

available at trial; or (3) to correct a clear error of law or prevent manifest injustice." <u>Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.</u>, 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." <u>Hill v. Braxton</u>, 277 F.3d 701, 708 (4th Cir. 2002).

While Petitioner timely filed his Motion pursuant to Rule 59(e), he has failed to show the existence of the limited circumstances under which a Rule 59(e) motion may be granted. He does not present evidence that was unavailable when he filed his complaint, allege an intervening change in the applicable law, or show that a clear error of law has been made that will result in manifest injustice. <u>See</u> <u>Hill</u>, 277 F.3d at 708. Petitioner's disagreement with the Court's legal conclusion provides no basis for Rule 59(e) relief.

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion Requesting Reconsideration…," (Doc. No. 21), is **DENIED**.

Signed: October 3, 2018

Frank D. Whitney
Chief United States District Judge